IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **MRL CRANE SERVICE, INC.,** | |
| Plaintiff, | 8:12CV419 |
| vs. | |
| **DLL, L.L.C., doing business as Western Iowa Construction, Inc.,** | ORDER |
| Defendant and Third Party Plaintiff, | |
| vs. | |
| **ADAMS BUILDING CONTRACTORS, INC.,** | |
| Third Party Defendant. | |

This matter is before the court on MRL Crane Service, Inc.'s (MRL) Motion for Leave to File an Amended Complaint (Filing No. 35). MRL filed a brief (Filing No. 35-2) and a draft of the proposed amended complaint (Filing No. 35-1) with the motion. MRL seeks to add an additional defendant. **See** Filing No. 35. The third party defendant Adams Building Contractors, Inc. (Adams) filed a brief (Filing No. 36) in opposition to the motion. The defendant DLL, L.L.C., doing business as Western Iowa Construction, Inc. (Western Iowa), did not participate in briefing the motion.

BACKGROUND

This case arises from a contractual relationship for the rental of cranes and other heavy equipment for use in construction work conducted in Nebraska. **See** Filing No. 1-1 Complaint. MRL alleges that between June 1, 2011, and December 31, 2011, it and Western Iowa entered into a series of contracts for Western Iowa to rent equipment from MRL. *Id.* at 1. MRL alleges Western Iowa failed to pay the total contractual rental obligations in the amount of $132,800.09. *Id.*

MRL filed the case against Western Iowa on August 15, 2012, in the District Court of Hall County, Nebraska. *Id.* On October 31, 2012, Western Iowa filed an

answer, denying liability, and third-party complaint against Adams. *Id.* at 7. Western Iowa alleges Adams was the general contractor responsible for construction at two work sites in Nebraska and, as part of that contractual relationship, Adams was liable to make payments for construction equipment to MRL. *Id.* at 9-10 (Answer p. 3-4). Western Iowa alleges claims against Adams for breach of contract and indemnification. *Id.* at 10-11 (Answer p. 4-5). On December 6, 2012, Adams removed the matter to the United States District Court for the District of Nebraska based on diversity jurisdiction. **See** Filing No. 1. On December 13, 2012, Adams filed an answer denying liability. **See** Filing No. 4.

On January 22, 2013, the court entered the initial progression order authorizing the parties to begin discovery and scheduling an April 5, 2013, deadline for the plaintiff to amend the pleadings or add parties. **See** Filing No. 14. No party sought an extension of the deadline to amend. On May 10, 2013, after a telephone conference with the parties, the court scheduled the case for trial on February 18, 2014, and set the deadlines for expert witness disclosures for July and August, the discovery deadline for August 30, 2013, and the summary judgment deadline for September 16, 2013. **See** Filing No. 24. At the parties' requests, the court later extended the deadline for completing discovery until September 12, 2013, and the deadline for filing summary judgment motions until October 16, 2013. **See** Filing Nos. 28, 34.

On September 18, 2013, MRL filed a motion to amend the complaint seeking to add a claim for unjust enrichment against Archer-Daniel-Midland Company (ADM). **See** Filing No. 35-2 Brief p. 1. MRL alleges the relevant construction project underlying the claims against Western Iowa and Adams involved two grain elevators, property owned by ADM. *Id.* MRL argues the failure to include ADM initially was an "innocent oversight." *Id.* at 2. MRL contends the addition of ADM does not allege new underlying facts or issues, diminishing the necessity for further discovery. *Id.* However, MRL argues if additional is warranted, sufficient time exists to complete such discovery prior to trial. *Id.* MRL can discern no prejudice to the other parties by adding ADM. *Id.*

Adams opposes the addition of ADM. **See** Filing No. 36 - Response. Adams argues the motion is untimely and unduly prejudicial to Adams. *Id.* at 1. Specifically, Adams correctly notes the deadline to add parties, and most of the other deadlines,

2

have expired.  *Id.* at 1-2.  Adams contends the addition of ADM would, in essence, restart the case because ADM may assert its own claims, conduct discovery, identify experts, and file a motion for summary judgment.  *Id.* at 2.  Any or all of these activities would delay resolution of the matter for Adams and create duplicative burden and expense for the existing parties.  *Id.*

## ANALYSIS

"On motion or on its own, the court may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21.  Under Federal Rule of Civil Procedure 20,

> Persons . . . may be joined in one action as defendants if:
>
> (A)  any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B)  any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

There can be no dispute MRL's claim against the current defendant and the proposed defendant arise out of the same occurrence and involve common questions of law or fact.  Specifically, the plaintiff alleges the Western Iowa breached a contract for the payment of goods and services used to construct grain elevators for ADM.  Further, the plaintiff alleges these defendants may be liable to MRL under different, but related theories of relief.  Because joinder of the additional party is permissive under Fed. R. Civ. P. 20, the court will address whether MRL should be permitted to amend the complaint as requested.

Under Federal Rule of Civil Procedure 15, a court should grant leave to amend freely "when justice so requires."  However, "[a] district court may deny leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment."  ***Reuter v. Jax Ltd., Inc.***, 711 F.3d 918, 922 (8th Cir. 2013) (internal quotation and citation omitted).  The party opposing the amendment has the burden of demonstrating the amendment would be unfairly prejudicial.  ***Roberson v. Hayti Police Dep't***, 241 F.3d 992, 995 (8th Cir.

2001); see *Hanks v. Prachar*, 457 F.3d 774, 775 (8th Cir. 2006). There is no absolute right to amend. *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012). Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). "If a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." *Id.* (**citing** Fed. R. Civ. P. 16(b)); see *Hartis*, 694 F.3d at 948. Moreover, "if the reason for seeking the amendment is apparent before the deadline and no offsetting factors appear, the Rule 16 deadline must govern." *Financial Holding Corp. v. Garnac Grain Co.*, 127 F.R.D. 165, 166 (W.D. Mo. 1989). In addition to the good cause requirement, "on motion made after the time has expired," the court may extend time "if the party failed to act because of excusable neglect." See Fed. R. Civ. P. 6(b)(1)(B). Additionally, the court may consider whether the "late tendered amendments involve new theories of recovery and impose additional discovery requirements." *Popoalii*, 512 F.3d at 497.

MRL's deadline to move to amend the complaint was April 5, 2013. **See** Filing No. 14 - Order ¶ 7. MRL's motion, filed on September 18, 2013, was untimely under the court's progression order. Under these circumstances, Rule 16(b) requires the plaintiff to show good cause for the timing of filing the motion to amend. MRL fails to give sufficient explanation for the delay, stating only that counsel's "innocent oversight" failed to include ADM in the initial complaint filed over one year ago. **See** Filing No. 35-2 Brief p. 2. Although discovery has concluded, recent discovery did not reveal the necessity of the additional party. The timing of MRL's motion, particularly under the current discovery and trial schedule, provides evidence of undue delay. The plaintiff's oversight fails to justify allowing MRL to add a party after the deadline or the additional burden suffered by the current parties due to the addition of an unrelated party even if based on related claims, though dissimilar.

Adams sustains its burden of showing unfair prejudice caused by the delay. Although some time exists between now and trial, fairness would require allowing a new party to complete any necessary discovery and prepare for trial or a motion for summary judgment. It is unknown how much time would be necessary or how much

duplicative discovery required to prepare ADM. Conversely, MRL fails to suggest it suffers any burden or prejudice by filing a separate lawsuit against ADM. Accordingly,

**IT IS ORDERED**:

The plaintiff's Motion for Leave to File an Amended Complaint (Filing No. 35) is denied.

Dated this 9th day of October, 2013.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge